UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APB Associates, Inc., A Michigan corporation,
individually and as the representative of a
class of similarly-situated persons,

    Plaintiff,

v.                                                              Case No.: 09-14959

Bronco's Saloon, Inc., Bronco's Entertainment,       Honorable Sean F. Cox
Ltd., T & R Enterprises, Inc., River
Entertainment LLC, and 31650 West Eight Mile,
Inc.,

    Defendants.
_____/

## ORDER TO SHOW CAUSE

Plaintiff filed this putative class action on December 22, 2009, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA").  (Compl. at ¶ 6).  Plaintiff's complaint does not identify the specific provision of the TCPA which it believes provides this Court with subject matter jurisdiction.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."  *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).  Having reviewed Plaintiff's complaint, and the relevant provisions of the TCPA, the Court is not persuaded that it has subject matter jurisdiction over this action.  Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Under § 227(f), *states* may bring civil actions in federal court on behalf of their residents

for violations of the TCPA. This action, however, is not initiated by a state. Rather, it is a private action. While the TCPA authorizes a private right of action for certain violations, the TCPA expressly states that such private actions are to be brought in state court. 47 U.S.C. § 227 (b)(3) & (c)(5); *see also Erienet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998) ("Every court of appeals to consider the question has held that the TCPA does not grant federal court jurisdiction over the private causes of action at issue in this litigation."); *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 WL 3239533 (6th Cir. 2004) ("[S]tate courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled.").

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, on or before January 22, 2010, why this case should not be dismissed for lack of subject matter jurisdiction.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager