IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APB Associates, Inc., a Michigan corporation,
individually and as the representative of a
class of similarly situated persons,

      Plaintiff,

v.                                                                                              Case No.: 2:09-cv-14959

Bronco's Saloon, Inc., Bronco's Entertainment,                   Honorable Sean F. Cox
Ltd., T & R Enterprises, Inc., River
Entertainment LLC, and 31650 West Eight Mile,
Inc.,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

      Plaintiff, APB Associates, Inc., by and through undersigned counsel, hereby responds to the Court's Order to Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction as follows:

      1.      Plaintiff has alleged that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.  Complaint ¶ 6 (Doc. 1).

      2.      In *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005), the Seventh Circuit held that federal courts have jurisdiction over Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3), claims under 28 U.S.C. § 1331.  The *Brill* court explained:

> Section 227(b)(3) does not say that state jurisdiction is "exclusive"--but another part of § 227 does use that word. Section 227(f)(1) permits the states themselves to bring actions based on a pattern or practice of violations. Section 227(f)(2) continues: "The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection." How strange it would be to make federal courts the exclusive

>forum for suits by the states, while making state courts the exclusive forum for suits by private plaintiffs. But then § 227(f)(2) is explicit about exclusivity, while § 227(b)(3) is not; the natural inference is that the state forum mentioned in § 227(b)(3) is optional rather than mandatory. Likewise the proviso that actions may be filed in state court "if otherwise permitted by the laws or rules of court of a State" implies that federal jurisdiction under § 1331 or § 1332 is available; otherwise where would victims go if a state elected not to entertain these suits? Our point is not that the reference to exclusive jurisdiction in § 227(f)(2) shows that "Congress knows how" to limit litigation to one set of courts--references to the subjective knowledge of a body with two chambers and 535 members, and thus without a mind, rarely facilitate interpretation--but that differences in language within a single enactment imply differences in meaning as an objective matter. *See* Akhil Reed Amar, *Intratextualism,* 112 Harv. L. Rev. 747 (1999). The contrast between § 227(f)(2) and § 227(b)(3) is baffling unless one provides exclusivity and the other doesn't.  [427 F.3d at 451.]

3. *Brill* rejected the reasoning and result in the prior federal appellate court decisions that had found to the contrary.  427 F.3d at 450 (citing *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.,* 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513 (3d Cir. 1998); *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir. 1997); *Murphey v. Lanier,* 204 F.3d 911 (9th Cir. 2000); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir. 1998)).

4. The Sixth Circuit has not ruled on the issue of TCPA subject matter jurisdiction in a published decision.  Moreover, decisions by other circuits do not bind the Sixth Circuit or this Court.  *Nixon v. Kent County*, 76 F.3d 1381, 1388 (6th Cir. 1996); *Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952).

5. However, in *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 627 n.2 (6th Cir. 2009), the Sixth Circuit recently spoke to federal-question jurisdiction over private TCPA claims:

We note the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over TCPA claims [citations omitted] … a decision from the Seventh Circuit and then-Judge-Alito's dissent from a Third Circuit opinion raise serious questions about the majority view, *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, J.J.); *ErieNet,* 156 F.3d at 521-23 (Alito, J., dissenting). Because, however, Charvat did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not address this question here. *See Golden v. Comm'r,* 548 F.3d 487, 493 (6th Cir.2008) (concluding that argument not raised in opening brief was forfeited).

6. In light of the split in authority, the absence of binding authority, and the Sixth Circuit's acknowledgement of the "serious questions" regarding the majority view, Plaintiff avers that the Court should follow *Brill* because it is the most persuasive federal appellate court decision on the issue.

WHEREFORE, because Plaintiff's TCPA claim arises under a law of the United States, this Court has subject matter jurisdiction over this action.

Dated: January 21, 2010

Respectfully submitted,

APB ASSOCIATES, INC., individually and as the representative of a class of similarly-situated persons

/s/ Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 248-355-0300
Fax: 248-436-8453
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

3

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555

Attorneys for Plaintiff