**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

APB ASSOCIATES, INC., a Michigan corporation,
individually and as the representative of a class of
similarly-situated persons,

                Plaintiff,

        v.                                  Case No. 2:09-cv-14959-SFC-RSW

BRONCO'S SALOON, INC., BRONCO'S        HON. Sean F. Cox
ENTERTAINMENT, LTD., T & R ENTERPRISES,
INC., RIVER ENTERTAINMENT LLC, and 31650
WEST EIGHT MILE, INC.,

                Defendants.

_____

| | |
|---|---|
| Jason J. Thompson (P47184) | Wayne A. Geik (P28781) |
| Sommers Schwartz, P.C. | Kallas & Henk, P.C. |
| 2000 Town Center, Suite 900 | Attorney for Defendant, T & R Enterprises, Inc. |
| Southfield, MI 48075 | 43902 Woodward Avenue, Suite 200 |
| (248) 355-0300 / f – (248) 436-8453 | Bloomfield Hills, MI 48302 |
| jthompson@sommerspc.com | (248) 335-5450, Ext. 206 |
| | Wgeik@kallashenk.com |
| | |
| Brian J. Wanca | Phillip A. Bock |
| Anderson & Wanca | Bock & Hatch, LLC |
| Co-counsel for Plaintiff | Co-counsel for Plaintiff |
| 3701 Algonquin Road, Suite 760 | 134 N. La Salle Street, Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| (847) 368-1500 / 1501 | (312) 658-5555 |

John R. Prew (P41891)
Harvey Kruse, P.C.
Counsel for Defendants, Bronco's Saloon, Inc.,
Bronco's Entertainment, Ltd., River
Entertainment, LLC and 31650 West Eight Mile,
Inc.
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800 / (248) 649-2316
jprew@harveykruse.com

**DEFENDANTS', BRONCO'S SALOON, INC.,**
**BRONCO'S ENTERTAINMENT, LTD., RIVER ENTERTAINMENT, LLC,**

**AND 31650 WEST EIGHT MILE, INC., ANSWER TO CLASS ACTION COMPLAINT,
SPECIAL/AFFIRMATIVE DEFENSES AND
<u>RELIANCE ON JURY DEMAND</u>**

NOW COME Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., by and through their counsel, Harvey Kruse, P.C., and for their answer to Plaintiff's Class Action Complaint state as follows:

1. In answer to Paragraph 1 of the Class Action Complaint, Defendants deny the allegations contained therein for the reason said allegations are untrue and contrary to the facts.

2. In that Paragraph 2 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants deny the allegations regarding the language of said statute in question to the extent said allegations are inconsistent and an incomplete representation of the Telephone Consumer Protection Act, 47 USC § 227.

3. In answer to Paragraph 3 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

4. In that Paragraph 4 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

5. In answer to Paragraph 5 of the Class Action Complaint, Defendants deny that Plaintiff is entitled to an award of any statutory damages for any violation of the Telephone Consumer Protection Act.

## JURISDICTION AND VENUE

6. In answer to Paragraph 6 of the Class Action Complaint, Defendants deny the allegations contained for the reason said allegations are untrue, contrary to the facts and applicable law.

7. In answer to Paragraph 7 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

## PARTIES

8. In answer to Paragraph 8 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

9. In answer to Paragraph 9 of the Class Action Complaint, Defendant, Bronco Saloon, Inc., admits it is a Michigan corporation doing business as Bronco Saloon.  Further, Defendant, River Entertainment, LLC, admits it is a Michigan limited liability company which does business under the name Chix on Dix.  Defendant, Bronco's Entertainment, Ltd., admits it was a domestic profit corporation in the State of Michigan.  Finally, 31650 West Eight Mile, Inc., admits it is a Michigan corporation doing business as Pony Express Saloon.  As to the remaining allegations contained in Paragraph 9 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

## FACTS

10. In answer to Paragraph 10 of the Class Action Complaint, Defendants deny the allegations contained therein for the reason said allegations are untrue and contrary to the facts.

11. In answer to Paragraph 11 of the Class Action Complaint, Defendants deny the allegations contained therein for the reason said allegations are untrue and contrary to the facts.

12. In answer to Paragraph 12 of the Class Action Complaint, Defendants deny the allegations contained therein for the reason said allegations are untrue and contrary to the facts.

13. In answer to Paragraph 13 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. In answer to Paragraph 14 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law.  As to the remaining allegations contained in Paragraph 14 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

15. In answer to Paragraph 15 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law.  As to the remaining allegations contained in Paragraph 15 of the Class Action Complaint, including sub-paragraphs (a) – (h), Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

16. In answer to Paragraph 16 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law.  As to the remaining allegations contained in Paragraph 16 of the Class Action Complaint, Defendants neither admit nor deny the allegations

contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

17. In answer to Paragraph 17 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law. As to the remaining allegations contained in Paragraph 17 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

18. In answer to Paragraph 18 of the Class Action Complaint, Defendants deny the Plaintiff any the basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law. As to the remaining allegations contained in Paragraph 18 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

19. In answer to Paragraph 19 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law. As to the remaining allegations contained in Paragraph 19 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

20. In answer to Paragraph 20 of the Class Action Complaint, Defendants deny the Plaintiff has any basis for a class action and/or that a class action is warranted under the controlling Rules of Civil Procedure and/or applicable law. As to the remaining allegations contained in Paragraph 20 of the Class Action Complaint, including sub-paragraphs (a) – (e) (i) – (vi),

Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

21. In that Paragraph 21 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants deny the allegations regarding the language of said statute in question to the extent said allegations are inconsistent and an incomplete representation of the Telephone Consumer Protection Act, 47 USC § 227.

22. In that Paragraph 22 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants deny the allegations regarding the language of said statute in question to the extent said allegations are inconsistent and an incomplete representation of the Telephone Consumer Protection Act, 47 USC § 227.

23. In that Paragraph 23 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants deny the allegations regarding the language of said statute in question to the extent said allegations are inconsistent and an incomplete representation of the Telephone Consumer Protection Act, 47 USC § 227.

24. In that Paragraph 24 of the Class Action Complaint is a statement of law and calls for a legal conclusion, no answer is required. However, to the extent an answer is deemed necessary, Defendants deny the allegations regarding the language of said statute in question to the extent said allegations are inconsistent and an incomplete representation of the Telephone Consumer Protection Act, 47 USC § 227.

25. In answer to Paragraph 25 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

26. In answer to Paragraph 26 of the Class Action Complaint, Defendants deny that any of their alleged actions caused any damages to Plaintiff and/or the other class members.  As to the remaining allegations contained in Paragraph 26 of the Class Action Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information or knowledge upon which to form a belief thereto and leave the Plaintiff to its strict proofs thereof.

27. In answer to Paragraph 27 of the Class Action Complaint, Defendants deny the allegations contained therein for the reason said allegations are untrue, contrary to the facts and applicable law.

WHEREFORE, Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., pray for a judgment of no cause of action and/or dismissal in their favor and against Plaintiff, together with costs and attorney fees so wrongfully sustained in defending this action.

RESPECTFULLY SUBMITTED,

HARVEY KRUSE, P.C.

By: /s/ *John R. Prew*_____
John R. Prew  (P41891)
*Counsel forBronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC and 31650 West Eight Mile, Inc.*
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084-1526
 (248) 649-7800
jprew@harveykruse.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

APB ASSOCIATES, INC., a Michigan corporation,
individually and as the representative of a class of
similarly-situated persons,

                Plaintiff,

          v.                                    Case No. 2:09-cv-14959-SFC-RSW

BRONCO'S SALOON, INC., BRONCO'S          HON. Sean F. Cox
ENTERTAINMENT, LTD., T & R ENTERPRISES,
INC., RIVER ENTERTAINMENT LLC, and 31650
WEST EIGHT MILE, INC.,

                Defendants.
_____

| | |
|---|---|
| Jason J. Thompson (P47184) | Wayne A. Geik (P28781) |
| Sommers Schwartz, P.C. | Kallas & Henk, P.C. |
| 2000 Town Center, Suite 900 | Attorney for Defendant, T & R Enterprises, Inc. |
| Southfield, MI 48075 | 43902 Woodward Avenue, Suite 200 |
| (248) 355-0300 / f – (248) 436-8453 | Bloomfield Hills, MI 48302 |
| jthompson@sommerspc.com | (248) 335-5450, Ext. 206 |
| | Wgeik@kallashenk.com |
| | |
| Brian J. Wanca | Phillip A. Bock |
| Anderson & Wanca | Bock & Hatch, LLC |
| Co-counsel for Plaintiff | Co-counsel for Plaintiff |
| 3701 Algonquin Road, Suite 760 | 134 N. La Salle Street, Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| (847) 368-1500 / 1501 | (312) 658-5555 |

John R. Prew (P41891)
Harvey Kruse, P.C.
Counsel for Defendants, Bronco's Saloon, Inc.,
Bronco's Entertainment, Ltd., River
Entertainment, LLC and 31650 West Eight Mile,
Inc.
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800 / (248) 649-2316
jprew@harveykruse.com

**DEFENDANTS', BRONCO'S SALOON, INC.,
BRONCO'S ENTERTAINMENT, LTD., RIVER ENTERTAINMENT, LLC,
AND 31650 WEST EIGHT MILE, INC., SPECIAL/AFFIRMATIVE DEFENSES**

8

NOW COME Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., by and through their counsel, Harvey Kruse, P.C., and for their Special/Affirmative Defenses to Plaintiff's Class Action Complaint, state as follows:

1. The Class Action Complaint fails to state a claim(s) upon which relief may be granted and/or otherwise violates FR Civ P 12(b)(6).

2. The Court lacks subject matter jurisdiction in that 47 USC § 227 does not provide for a private right of action in Federal Court.

3. The Plaintiff cannot establish the elements of a class action pursuant to FR Civ P 23.

4. 47 USC § 227, et seq., as applied to these Defendants is unconstitutional.

5. Defendants assert and rely upon any and all defenses as set forth in 47 USC § 227, et seq.

6. Defendants did not send any advertisements to the Plaintiff or the other alleged class members by facsimile.

7. Plaintiff, including its alleged class members, did not received unsolicited advertisements.

8. Plaintiff and/or the alleged class members consented to the receipt of any alleged facsimile transmissions.

9. Plaintiff and/or the alleged class members are not entitled to any injunctive relief.

10. Plaintiff and/or the alleged class members made available for public distribution their facsimile numbers.

11. Any of the alleged purported facsimile advertisements contained the notice requirements as required in 47 USC § 227, et seq.

12. Plaintiff and/or the alleged class members failed to mitigate any alleged damages.

13. Defendants rely upon the doctrine of laches.

14. Defendants did not willfully or knowingly violate any parts of 47 USC § 227, et seq., and, accordingly, Plaintiff and/or the alleged class members are not entitled to trebal damages.

15. The damages in question may be due, in whole or in part, to the actions or omissions of others, including individuals not party to this litigation.

16. Plaintiff and/or the alleged class members' claims are barred by or subject to the law regarding spoliation of the evidence.

17. Plaintiff and/or the alleged class members' claims are barred, in whole or in part, because the Plaintiff has failed to name as a party to this suit all persons and/or entities against whom a finding of fault is potentially directed.

18. Defendants hereby reserve the right to plead and prove additional special and/or affirmative defenses as become known through discovery.

                                                                                                                                                                                                                                                                                                                    RESPECTFULLY SUBMITTED,

                                             HARVEY KRUSE, P.C.

By:  /s/ *John R. Prew*
John R. Prew  (P41891)
*Counsel for Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC and 31650 West Eight Mile, Inc.*
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084-1526
 (248) 649-7800
jprew@harveykruse.com

10

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

APB ASSOCIATES, INC., a Michigan corporation,
individually and as the representative of a class of
similarly-situated persons,

                Plaintiff,

      v.                                       Case No. 2:09-cv-14959-SFC-RSW

BRONCO'S SALOON, INC., BRONCO'S            HON. Sean F. Cox
ENTERTAINMENT, LTD., T & R ENTERPRISES,
INC., RIVER ENTERTAINMENT LLC, and 31650
WEST EIGHT MILE, INC.,

                Defendants.
_____

| | |
|---|---|
| Jason J. Thompson (P47184) | Wayne A. Geik (P28781) |
| Sommers Schwartz, P.C. | Kallas & Henk, P.C. |
| 2000 Town Center, Suite 900 | Attorney for Defendant, T & R Enterprises, Inc. |
| Southfield, MI 48075 | 43902 Woodward Avenue, Suite 200 |
| (248) 355-0300 / f – (248) 436-8453 | Bloomfield Hills, MI 48302 |
| jthompson@sommerspc.com | (248) 335-5450, Ext. 206 |
| | Wgeik@kallashenk.com |
| | |
| Brian J. Wanca | Phillip A. Bock |
| Anderson & Wanca | Bock & Hatch, LLC |
| Co-counsel for Plaintiff | Co-counsel for Plaintiff |
| 3701 Algonquin Road, Suite 760 | 134 N. La Salle Street, Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| (847) 368-1500 / 1501 | (312) 658-5555 |

John R. Prew (P41891)
Harvey Kruse, P.C.
Counsel for Defendants, Bronco's Saloon, Inc.,
Bronco's Entertainment, Ltd., River
Entertainment, LLC and 31650 West Eight Mile,
Inc.
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800 / (248) 649-2316
jprew@harveykruse.com


**DEFENDANTS', BRONCO'S SALOON, INC.,
BRONCO'S ENTERTAINMENT, LTD., RIVER ENTERTAINMENT, LLC,
AND 31650 WEST EIGHT MILE, INC., RELIANCE ON JURY DEMAND**

NOW COME Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., by and through their counsel, Harvey Kruse, P.C., and hereby rely upon the jury demand in the above-entitled cause.

            RESPECTFULLY SUBMITTED,

            HARVEY KRUSE, P.C.

            By: /s/ *John R. Prew*_____
            John R. Prew  (P41891)
            *Counsel forBronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC and 31650 West Eight Mile, Inc.*
            1050 Wilshire Drive, Suite 320
            Troy, Michigan 48084-1526
             (248) 649-7800
            jprew@harveykruse.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that Christine E. Kaiser electronically filed with the Clerk of the Court via ECF, on the 19th day of February, 2010, Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., Answer to the Class Action Complaint, Special and/or Affirmative Defenses, and Reliance on Jury Demand, and that copies will be served via the Electronic Case Filing System and via regular mail to Brian J. Wanca and Phillip A. Bock.

            Respectfully submitted,

            /s/ John R. Prew_____
            John R. Prew (P41891)
            Harvey Kruse, P.C.
            *Counsel forBronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC and 31650 West Eight Mile, Inc.*
            1050 Wilshire Drive, Suite 320
            Troy, MI 48084

Dated: February 19, 2010        (248) 649-7800