IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

APB ASSOCIATES, INC., a Michigan corporation,
individually and as the representative of a class
of similarly-situated persons,

       Plaintiff,                              CASE NO. 2:09-cv-14959

-vs-                                                  HON. Sean F. Cox

BRONCO'S SALOON, INC., BRONCO'S
ENTERTAINMENT, LTD, T&R ENTERPRISES,
INC., RIVER ENTERTAINMENT LLC and
31650 WEST EIGHT MILE, INC.,

       Defendants.
_____

| | |
|---|---|
| JASON J. THOMPSON (P47184)<br>**SOMMERS SCHWARTZ, P.C.**<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>(248) 355-0300 / f-(248) 436-8453<br>jthompson@sommerspc.com | WAYNE A. GEIK (P28781)<br>**KALLAS & HENK PC**<br>Attorney for Defendant, T&R Enterprises, Inc.<br>43902 Woodward Avenue, Suite 200<br>Bloomfield Hills, MI 48302<br>Wgeik@kallashenk.com<br>(248) 335-5450, Ext. 206 |
| BRIAN J. WANCA<br>**ANDERSON & WANCA**<br>Co-counsel for Plaintiff<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>(847) 368-1500 / 1501 | PHILLIP A. BOCK<br>**BOCK & HATCH, LLC**<br>Co-counsel for Plaintiff<br>134 N. La Salle Street, Suite 1000<br>Chicago, IL 60602<br>(312) 658-5555 |
| JOHN R. PREW (P41891)<br>**HARVEY KRUSE, P.C.**<br>Attorney for Bronco's Saloon, Bronco's Entertainment, River Entertainment and 31650 West Eight Mile, Inc.<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248) 649-7800 \ 2316<br>jprew@harveykruse.com | |

_____

**DEFENDANT T&R ENTERPRISES, INC.'S MOTION
FOR RECONSIDERATION TO STAY PROCEEDINGS PENDING APPEAL**

      NOW COMES Defendant, T&R ENTERPRISES, INC., by and through its attorneys,

KALLAS & HENK, P.C., and pursuant to Local Rule 7.1(h), and for its Motion for Reconsideration

to Stay Proceedings Pending Appeal states as follows:

1.  This class action lawsuit was filed on December 23, 2009, and arises out of the Defendants' alleged violations of the Telephone Consumer Protection Act, 47 USC §227 ("TCPA").

2.  On August 17, 2011, Defendant, T&R Enterprises, Inc. ("Defendant"), filed a Motion to Stay Proceedings Pending an Appeal of whether there is federal-question jurisdiction under 28 U.S.C. § 1331 over private actions brought under the TCPA.

3.  The motion was denied by this Court on August 23, 2011, and an Initial Scheduling Order was entered.

4.  Subsequent to filing its motion to stay proceedings, Defendant has learned that the Supreme Court of the United States has granted a petition for a writ of certiorari to the Eleventh Circuit in a case involving the same issue that Defendant is appealing in this matter.  (**Exhibit A**).

5.  Therefore, it is likely that the Supreme Court of the United States will grant Defendant's petition for a writ of certiorari to the United States Court of Appeals for the Sixth Circuit, which will be filed on or before the deadline of October 11, 2011.

6.  Because Defendant's petition will likely be granted, Defendant requests that this Court reconsider entering an order to stay proceedings at the trial level, pending the appeal, for the following reasons:

    a.  Parties would avoid the extensive fees and costs that would necessarily be incurred by proceeding with lengthy discovery at the trial level, which may ultimately prove to be unnecessary should the US Supreme Court reverse the Sixth Circuit and follow the majority view regarding this threshold, jurisdictional issue;

    b.  It would be a waste of this Court's judicial resources and economy by continuing to litigate the factual issues at the trial level, before the US Supreme Court has considered the petition for writ of certiorari; and

    c.  The only issue on appeal is a legal issue, namely, whether the federal courts have subject matter jurisdiction over TCPA type cases.

WHEREFORE, Defendant requests that this Court reconsider its Motion to Stay Proceedings until such time as the Supreme Court of the United States has decided the petitions for writ of certiorari that will be filed on behalf of all of the Defendants in this case.

**BRIEF IN SUPPORT**

Defendant relies upon Local Rule 7.1(h) and requests this Honorable Court reconsider its Motion to Stay Proceedings until such time as the Supreme Court of the United States has decided the petitions for writ of certiorari that will be filed in this case.

Subsequent to Defendant filing its Motion to Stay Proceedings, the Supreme Court of the United States has granted a petition for writ of certiorari to the Eleventh Circuit in *Mims v. Arrow Financial Services, LLC*, 2010 WL 4840430 (11th Cir. Nov. 30, 2010). (**Exhibit A**). The Supreme Court will consider the following Question Presented:

> Did Congress divest the federal district courts of their federal-question jurisdiction under 28 U.S.C. § 1331 over private actions brought under the Telephone Consumer Protection Act. (**Exhibit A**).

Currently, Defendant is preparing a petition for writ of certiorari that will be filed with the Supreme Court by October 11, 2011. Defendant's petition will ask the Supreme Court to consider the exact same issue presented in *Mims*. Therefore, it is likely that Defendant's petition will be granted and consolidated with *Mims*.

After Defendant's Motion to Stay Proceedings was denied, an Initial Scheduling Order was entered on August 23, 2011, and Defendant provided Rule 26 disclosures per the order. Fed. R. Civ. P. 23 fact discovery, witness disclosure, and depositions will now begin at the trial level. Both parties will incur extensive costs and fees partaking in this discovery. Plaintiff provided the following witnesses in its Rule 26 initial disclosures:

1. Caroline Abraham, 1601 East 18th Street, Brooklyn, NY 11230
2. Employees of Macaw SRL, 46 Match Factory Street, Sector 5, Bucharest, Romania, 050183
3. Kevin Wilson, a/k/a Conor Melville, 7 colby Lane, Byfield, MA 01922

The costs and fees associated with deposing these witnesses will be extensive. In addition, the parties will need to depose Defendant's expert witnesses located in Pennsylvania and Washington.

Considering it is likely that Defendant's petition for writ of certiorari will be granted, this Court should enter an order to stay proceedings in order to the avoid the extensive costs and fees associated with discovery, while the Supreme Court considers this threshold, jurisdiction issue. If the Supreme Court ultimately agrees with this Court that federal-question jurisdiction does not exist under private actions under the TCPA, then all of the costs and fees incurred litigating this matter would be a waste. In addition, this Court should stay proceedings in order to conserve judicial resources that will be used while litigating a case that may be dismissed by the Supreme Court.

WHEREFORE, Defendant requests that this Court reconsider its Motion to Stay Proceedings until such time as the Supreme Court of the United States has decided the petitions for writ of certiorari that will be filed on behalf of all of the Defendants in this case.

**Kallas & Henk PC**

s/ Wayne A. Geik
WAYNE A. GEIK (P28781)
Attorney for Defendant
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI  48302
(248) 335-5450, Ext. 206

DATED: September 6, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2011, I electronically filed Defendant T&R Enterprises, Inc.'s Motion for Reconsideration to Stay Proceedings Pending Appeal with the Clerk of the Court using the ECF system which will send the notification of such filing to all ECF participants.

s/ Wayne A. Geik
WAYNE A. GEIK (P28781)
Attorney for Defendant
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI  48302
(248) 335-5450, 206
wgeik@kallashenk.com