UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APB Associates, Inc.,

    Plaintiff,

v.                                                                            Case No. 09-14959

Bronco's Saloon, Inc., *et al.*,                          Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER

This action, brought under the Telephone Consumer Protection Act ("TCPA"), is currently before the Court on motions filed by Defendants, wherein they: 1) ask the Court to enter judgment in favor of Plaintiff, pursuant to their Rule 68 Offers of Judgment; and 2) ask the Court to award them costs pursuant to Rule 68. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided without oral argument. As explained below, this Court concludes that Defendants' Rule 68 Offers of Judgment in this case provide Plaintiff with all relief that it sought in its Complaint, and all the relief that it could potentially obtain in this action. Accordingly, under *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009), this Court shall enter judgment in its favor, in accordance with the Rule 68 offer of judgment, and dismiss the case as moot. In addition, under the unusual circumstances presented in this case, the Court concludes that neither party is entitled to costs.

**BACKGROUND**[1]

Plaintiff APB Associates, Inc. ("APB") filed this putative class action, asserting claims under the TCPA. It is the only named plaintiff.

APB's Complaint alleges that Defendants Bronco's Saloon, Inc., Bronco's Entertainment, Ltd, T&R Enterprises, Inc., River Entertainment LLC and 31650 West Eight Mile, Inc. violated the TCPA by sending it one unsolicited advertisement via its facsimile machine. APB's Complaint seeks the following relief: 1) certification of this action as a class action under Fed. R. Civ. P. 23; 2) an award of $500.00 in statutory damages, to be trebled if the act was wilful (Compl. at 4); and 3) that the Court enjoin Defendants from additional violations.

Defendant T&R Enterprises, Inc. ("T&R") is represented by its own counsel, while the four remaining Defendant are jointly represented by different counsel. For ease of reference, the Court shall refer to those four Defendants as "the Joint Defendants").

On **April 10, 2012**, the Joint Defendants served an Offer of Judgment on Counsel for APB that stated:

> [The Joint Defendants], pursuant to Fed. R. Civ. P. 68, hereby make this offer to allow judgment to be taken against them, individually and jointly, in the amount of one thousand five hundred dollars ($1,500.00.) These defendants further agree to pay for plaintiff's costs through the date of acceptance of this offer of judgment. Finally, these defendants agree to submit to an injunction prohibiting them from sending any unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.
> Pursuant to Fed. R. Civ. P. 68, this Offer of Judgment remains open for plaintiff to accept for 14 days following service. Acceptance may be accomplished only through written notice.

---

[1] The background of this case is more fully set forth in this Court's April 26, 2013 Opinion & Order (Docket Entry No. 66). The Court includes here only those backgrounds facts relevant to the motions at issue.

(Ex. B to Docket Entry No. 78).

On April 26, 2012, Defendant T&R served its own Offer of Judgment on Counsel for APB. (*See* Ex. A to Docket Entry No. 80). It had the same terms as the Offer of Judgment served by the Joint Defendants.

This Court denied APB's Motion for Class Certification in an Opinion & Order issued on April 26, 2013. (Docket Entry No. 66).

APB filed a petition pursuant to Fed. R. Civ. P.23(f) for leave to appeal this Court's Order denying her Motion for Class Certification. The United States Court of Appeals for the Sixth Circuit denied that petition in an Order issued on October 23, 2013. (Docket Entry No. 70).

The Court was scheduled to hold the Final Pretrial Conference in this matter on February 18, 2014. Shortly before that conference, the parties filed several motions in this case.

On February 11, 2014, the Joint Defendants filed two motions: 1) A "Motion For Costs In Accordance With Their Offer Of Judgment Pursuant To Fed. R. Civ. P. 68" (Docket Entry No. 73); and 2) a "Motion To Enter Judgment For Dismissal In This Case In Accordance With Their Offer Of Judgment Pursuant To Fed. R. Civ. P. 68, Case Evaluation Award And Check Tender And Therefore Dismiss The Matter As Moot Pursuant To Rule 12(b)(1)" (Docket Entry No. 74).

On February 17, 2014, T&R filed its own Motion for Costs (Docket Entry No. 80) and Motion to Dismiss (Docket Entry No. 81).

On February 12, 2014, ABP filed a Motion for Summary Judgment (Docket Entry No. 78) and motion requesting a settlement conference. APB's Motion for Summary Judgment

sought statutory damages of $500.00 for the one facsimile advertisement sent to it, and asked the Court to treble that award to $1500.00. (Docket Entry No. 78).

On February 18, 2014, the Court held a conference with the parties in this case, and two similar cases (Case No. 09-14444 & Case No. 10-10085). At that conference, the parties agreed that: 1) APB was withdrawing its Motion for Summary Judgment; 2) any offers of judgment made pursuant to Fed. R. Civ. P. 68 would be made no later than February 28, 2014; and 3) and any Motions to Dismiss and/or Motions for Entry of Judgment, based upon offers of judgment in this action, would be filed no later than April 18, 2014. (Docket Entry No. 75).

Accordingly, the four motions filed by Defendants are still pending before this Court. They have been fully briefed by the parties.

## ANALYSIS

**I.     This Court Shall Enter Judgment In Favor Of APB And Dismiss This Case Because The Rule 68 Offers Of Judgment Render This Case Moot.**

The Sixth Circuit has held that an unaccepted offer of judgment, such as the offers of judgment here, can moot a case. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). In that case, the Sixth Circuit held that "a Rule 68 Offer can be used to show that the court lacks subject-matter jurisdiction. *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed 'eliminates a legal dispute upon which federal jurisdiction can be based,' because '[y]ou cannot persist in suing after you've won')." *Id*. at 574. The Sixth Circuit explained "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien*, 575 F.3d at 574. It "disagree[d], however with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire

4

demand." *Id*. at 575. "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case." *Id*.

Accordingly, under *O'Brien*, where the defendant has offered a Rule 68 offer of judgment that satisfies a plaintiff's entire demand, the district court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment and dismiss the case as moot.

Thus, this Court must consider whether Defendants' Offer of Judgment satisfies APB's entire demand.

The TCPA authorizes a private right of action for a person or entity who has received an unsolicited facsimile advertisement. A person or entity may recover $500.00 in statutory damages for each unsolicited facsimile advertisement that was sent to it. 47 U.S.C. § 227(b)(3). The Court has the discretion to treble the amount of the award, if it finds that the defendant willfully or knowingly violated the Act. *Id.* In addition, a person or entity pursuing a private action may seek to enjoin future violations. *Id.*

Here, APB alleges that it received one unsolicited facsimile advertisement from Defendants (*see* Complaint at ¶ 10) and it seeks statutory damages. (*See* Comp. at 4, asserting that a common issue of fact and law is whether "Plaintiff and the other members of the class are entitled to statutory damages" ). Thus, if this Court were to treble the $500.00 statutory damage award provided under the Act, the most that APB could receive would be $1,500.00 in monetary damages.

The Joint Defendants' Rule 68 Offer of Judgment provides that the Joint Defendants: 1)

will pay $1,500.00 in damages to APB; 2) will pay costs through the date of acceptance; and 3) agree to submit to an injunction prohibiting them from sending any unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  T&R's Rule 68 Offer of Judgment provided the same relief.

This Court concludes that Defendants' Rule 68 Offers of Judgment in this case provide ABP with all relief that it sought, and all the relief that it could potentially obtain in this action. Accordingly, under *O'Brien,* this Court will enter judgment in its favor, in accordance with the monetary damages and injunctive relief provisions of the Rule 68 offers of judgment and dismiss this case as moot.

## II.     Under The Unusual Circumstances Presented Here, The Court Concludes That Neither Party Is Entitled To Costs.

Finally, this Court must address the issue of costs.

Defendants' Offers of Judgment include that Defendants will pay Plaintiff's costs through the date of acceptance.  Under the circumstances here, however, Plaintiff did not actually "accept" the Offer of Judgment.  Rather, a judgment is being entered because this Court has determined that Defendants' Rule 68 Offers of Judgment in this case provide Plaintiff with all relief that it sought in its Complaint, and all the relief that it could potentially obtain in this action.

Defendants seek an award of costs, based on Plaintiff's rejection of their Offers of Judgment.  There are several problems with such requests.  First, Defendants filed their motions asking for cost before any judgment has been entered in this action and the requests are therefore premature.  Second, the Court concludes that, under the unique circumstances presented here, it would be inequitable to award Defendants their costs, given that Defendants offered APB all of

the relief it sought, and all of the relief ultimately awarded to it, back in April of 2012, but waited until February of 2014 to ask the Court to enter judgment based on the Offers of Judgment.

Under these unusual circumstances, the Court concludes that neither party is entitled to costs.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motions are GRANTED to the extent that the Court shall enter judgment in Plaintiff's favor and dismiss this case as moot.

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: August 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2014, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager