# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

APB ASSOCIATES, INC., a Michigan
corporation, individually and as the
representative of a class of
similarly-situated persons,

        Plaintiff,

v.

BRONCO'S SALOON, INC.,
BRONCO'S ENTERTAINMENT,
LTD., T & R ENTERPRISES, INC.,
RIVER ENTERTAINMENT LLC, and
31650 WEST EIGHT MILE, INC.,

        Defendants.

Case No. 2:09-cv-14959-SFC
Hon. Sean F. Cox

---

| | |
|---|---|
| Jason J. Thompson (P47184)<br>Sommers Schwartz, P.C.<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>(248) 355-0300 / (248) 436-8453<br>jthompson@sommerspc.com<br><br>Brian J. Wanca<br>Anderson & Wanca<br>Co-counsel for Plaintiff<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>(847) 368-1500 / 1501<br><br>Phillip A. Bock<br>Bock & Hatch, LLC<br>Co-counsel for Plaintiff<br>134 N. La Salle Street, Suite 1000<br>Chicago, IL 60602<br>(312) 658-5555 | Wayne A. Geik (P28781)<br>Bobby R. Peplinski (P74667)<br>Kallas & Henk, P.C.<br>Attorney for Defendant T & R Enterp.<br>43902 Woodward Avenue, Suite 200<br>Bloomfield Hills, MI 48302<br>(248) 335-5450, Ext. 206<br>Wgeik@kallashenk.com<br><br>John R. Prew (P41891)<br>Jason R. Mathers (P66022)<br>Gregory P. LaVoy (P73505)<br>Harvey Kruse, P.C.<br>Counsel for Defendants Bronco's, *et al*<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248) 649-7800 / (248) 649-2316<br>jprew@harveykruse.com |

# *SUPPLEMENTAL BRIEF* IN RESPONSE TO PLAINTIFF'S MOTION TO VACATE JUDGMENT AND TO RECONSIDER CLASS CERTIFICATION

Now Come Defendants, Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, and 31650 West Eight Mile, Inc., by and through their attorneys, HARVEY KRUSE, P.C., and hereby file this Supplemental Response in opposition to Plaintiff's Motion to Vacate Judgment and to Reconsider class certification.

                              Respectfully Submitted,

                              HARVEY KRUSE, P.C.

                              By:    */s/ John R. Prew*
                                       John R. Prew (P41891)
                                       Jason Mathers (P66022)
                                       Gregory P. LaVoy (P73505)
                                       Attorneys for Defendants
                                       1050 Wilshire Drive, Suite 320
                                       Troy, MI 48084
                                       (248) 649-7800

Dated: February 11, 2016          jprew@harveykruse.com

1

## **QUESTION PRESENTED**

I.  Should the Court vacate the judgment entered in this case or reconsider its denial of class certification on March 27, 2013 that was already considered on a Rule 23(f) appeal to the Sixth Circuit, pursuant to Federal Rule of Civil Procedure 59(e) or Rule 60(b)?

*Defendants Answer*: No.

## **INTRODUCTION**

This Court previously stayed this action in anticipation of the U.S. Supreme Court's decision in *Campbell-Ewald v. Gomez* (No. 14-857). In its recently issued decision, the U.S. Supreme Court in *Campbell-Ewald* held that an unaccepted offer of judgment does not moot a claim, and therefore does not deprive a court of Article III jurisdiction. *However*, the U.S. Supreme Court expressly and specifically excluded the factual scenario *presented in this case* from its ruling. In particular, the U.S. Supreme Court's majority opinion states that the Court "do[es] not now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount," reserving that question for a case where it was squarely presented. *Id.*, slip op. at 11. *The instant action is precisely such a case*.

Unlike the defendant in *Campbell-Ewald*, Defendants in this case tendered *actual payment* to Plaintiff, and this Court entered an actual judgment for Plaintiff. In addition, following the decision in *Campbell-Ewald*, Defendants again tendered actual payment to Plaintiff on February 8, 2016, covering the full judgment amount and the amount of statutory damages to which Plaintiff could possibly be entitled under the TCPA. These actions are sufficient to resolve this case in its entirety.

Ultimately, because of critical procedural differences between this case and *Campbell-Ewald*, by the plain language of the majority opinion in *Campbell-Ewald*, that decision simply has no application to this case and no bearing on the propriety of this Court's decision to enter judgment and dismiss this action. Accordingly, Plaintiff's motion to vacate that judgment should be denied, both for the reasons stated in Defendants' responses in opposition to Plaintiff's motion and also based on the additional authority set forth herein.

## I.     The *Campbell-Ewald* Decision

Like this case, *Campbell-Ewald* involves a class action proceeding alleging a violation of the TCPA. On May 11, 2006, the plaintiff, Jose Gomez, received an unsolicited text message advertising for the U.S. Navy. The text message was the result of a partnership between the Navy and the Campbell-Ewald Company, a marketing consultant that the Navy hired. Gomez sued and argued that Campbell-Ewald violated the TCPA by instructing or allowing a third-party vendor to send unsolicited text messages on the behalf of a client, and sought to maintain a class action. Campbell-Ewald made an offer of relief that Mr. Gomez would receive if he ultimately prevailed; Mr. Gomez rejected the offer. The lower court determined that Campbell-Ewald was not entitled to dismissal of the action based on an offer of judgment. Campbell-Ewald appealed this decision. The Supreme Court granted

certiorari to address the issue whether a complete offer of relief to the named plaintiff in a class action moots that individual's claim.

The issue first reached the Court in 2013, with *Genesis HealthCare Corp. v. Symczyk*, __ U.S. __; 133 S. Ct. 1523 (2013). *Symczyk* was an FLSA collective action (much like a class action) in which the lower court had held that an offer of settlement which mooted the only plaintiff's claims did not moot the collective action case as a whole. In its opinion, the Supreme Court *reversed* that decision, holding that Article III does not contemplate a case with no plaintiff, and that the possibility that other plaintiffs might come along later is not enough to keep the case alive. However, in *Symczyk*, the named plaintiff had conceded that the defendants' offer of relief mooted her own claim, but argued that her interest in pursuing a class action was enough to keep the case alive. The majority in *Symczyk* rejected that argument, concluding that a defendant can moot a class action if it can moot the claim of the named plaintiff. Four Justices dissented in an opinion by Justice Kagan, arguing that an unaccepted offer of relief does not moot the individual's claim.

The Court revisited this issue in *Campbell-Ewald*, where a majority of the Court held that an unaccepted offer of relief is not enough to moot the plaintiff's claim. Relying on a principle of contract law, the majority reasoned that an unaccepted offer binds neither the offeror nor the offeree, and because an unaccepted

3

offer has no binding effect, it cannot moot the plaintiff's claim. *Campbell-Ewald*, slip op. at 11.

The majority crafted one important exception to this holding. The concluding two sentences of the majority's analysis expressly reserved judgment on a factual scenario that was not before the Court in the case. In *Campbell-Ewald*, the defendant had merely *offered to pay* to the plaintiff the statutory damages to which he would be entitled under the TCPA; the defendant did not tender actual payment. The majority thus stated:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical. [*Campbell-Ewald*, slip op. at 11.]

The *Campbell-Ewald* majority opinion thus contemplates that a defendant can potentially moot the plaintiff's claim by tendering adequate funds.

Indeed, this conclusion was expressly adopted by the remaining four Justices who did not join the majority opinion. Justice Thomas concurred in the judgment, explaining that in his view the problem should be resolved under common law rules for "tender." Under those rules, a defendant must offer the money unconditionally to the plaintiff, but an offer to pay—without more—would not deprive a court of jurisdiction. *Campbell-Ewald*, op. of THOMAS, J., concurring in judgment, slip op. at 1-2. Because the *Campbell-Ewald* defendant merely offered to pay or declared

4

its intent to pay, Justice Thomas agreed with the majority that the case is not moot. Chief Justice Roberts (joined by Justices Scalia and Alito) argued in dissent that the reality of the defendant's willingness to pay removes any "controversy" cognizable under Article III; the three dissenting Justices would thus have held that a willingness to pay—and certainly tendering actual payment—is sufficient to moot the action. *Campbell-Ewald*, op. of ROBERTS, C.J., dissenting, slip op. at 2. Justice Alito, in a separate dissent, stated that where a defendant makes "absolutely clear" that it will pay relief, the case is moot. Justice Alito expressly noted that "the most straightforward way" for a defendant to make "absolutely clear" that it will pay the relief offered "is simply to pay over the money." *Campbell-Ewald*, op. of ALITO, J., dissenting, slip op. at 3. Justice Alito also noted that even the majority opinion did not foreclose this avenue to moot an action, stating that "Today's decision thus does not prevent a defendant who actually pays complete relief—either directly to the plaintiff or to a trusted intermediary—from seeking dismissal on mootness grounds." *Id.* at 4.

With this background, we can now assess the implications of *Campbell-Ewald* on the present case.

## II. Application Of *Campbell-Ewald* To This Case

This case falls squarely within the factual scenario on which the Supreme Court reserved judgment in *Campbell-Ewald*. The Court held that where a defendant

5

tenders payment of the full amount of the plaintiff's claim, and the court enters judgment in that amount, that case does not fall within the holding of *Campbell-Ewald* and could be determined to be moot under Article III principles. At least four Justices would have gone further and concluded that such a case is moot if the defendant in fact made an adequate tender of the funds; the remaining Justices merely declined to consider the issue while expressly reserving judgment for a future case.

Defendants in this case have met both prongs of the majority's exception in *Campbell-Ewald*. In fact, Defendants in this case took *further* steps to ensure payment to the Plaintiff than those outlined in *Campbell-Ewald*: rather than depositing a judgment amount in an account payable to Plaintiff, Defendants actually submitted a check to Plaintiff on February 11, 2014. (See ECF Doc. No. 74, Ex. #9 (Check tendered by Defendant to Plaintiff)). Defendants then moved this Court to enter judgment in favor of Plaintiff, which this Court did. (See ECF Doc. No. 95). In addition, on February 8, 2016, Defendants *again* submitted a check in the amount of the judgment ($1,500.00) in satisfaction of the judgment and to serve as final settlement of Plaintiff APB's TCPA claims. (See Letter & Check tendered by Defendants to Plaintiff, **Ex. A**).

The Supreme Court majority in *Campbell-Ewald* merely held that a stand-alone offer by a defendant to a plaintiff does not suffice to moot a claim. Quite

6

clearly, Defendants here have gone much further in terms of actually tendering payment to plaintiff and having the settlement of the entire amount of statutory damages to which Plaintiff could be entitled reduced to an actual judgment, which this Court entered. These is no dispute that Defendants have tendered this amount to Plaintiff, recently doing so again on February 8, 2016. By expressly reserving the factual scenario presented in this case, the *Campbell-Ewald* majority made clear that its decision does *not* control this case.

    For these reasons, the decision in *Campbell-Ewald* does not represent a basis by which to grant reconsideration or vacate the judgment entered by this Court in this case. This Court's original conclusion that Plaintiff has obtained all of the relief to which it is entitled, and its claim is therefore moot, remains valid and an accurate conclusion of law. For these reasons, and for the reasons set forth in Defendants' prior response in opposition to Plaintiff's motion, this Court should deny the motion.

        Respectfully Submitted,

        HARVEY KRUSE, P.C.

        By:   */s/ John R. Prew*
              John R. Prew (P41891)
              Jason Mathers (P66022)
              Gregory P. LaVoy (P73505)
              Attorneys for Defendants
              1050 Wilshire Drive, Suite 320
              Troy, MI 48084
              (248) 649-7800
Dated: February 29, 2016        jprew@harveykruse.com

8

**PROOF OF SERVICE**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on February 29, 2016.

☐ US Mail         ☐ Fax
☐ Hand Delivered  ☐ UPS
☐ Fed. Express    ☒ E-file

Signature /s/ *Gabriella Graziano*