UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APB Associates, Inc.,

    Plaintiff,

v.                                      Case No. 09-14959

Bronco's Saloon, Inc., *et al.*,          Honorable Sean F. Cox

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR CONTINUED STAY OF PROCEEDINGS

This putative class action has a very long history, that need not be repeated here. Three separate, but very similar, putative class actions were assigned to this Court at or around the same date: 1) *Machesney v. Lar-Bev of Howell, Inc., et al.* (Case No. 10-10085) ("*Machesney*"); 2) *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.* (Case No. 09-14959) ("*APB Associates*"); and 3) *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.* (Case No. 09-14444) ("*Compressors Engineering*"). All three cases were filed by the same Plaintiff's counsel and assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

This Court initially dismissed each of these cases for lack of subject matter jurisdiction because, at the time, there was an unpublished Sixth Circuit decision holding that "state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled." *Dun-Rite Constr., Inc. v. Amazing Tickets, Inc*., 2004 WL 3239533 (6th Cir. 2004).

Plaintiffs appealed in all three cases. All three of these cases incurred a delay due to the

1

resolution of the issue of whether federal-question jurisdiction exists over TCPA cases, ultimately ruled upon by the United States Supreme Court, which ruled that federal-question jurisdiction does exist.[1]

Upon remand, each of these three cases proceeded to discovery, proceeding along similar scheduling orders.

Back in 2013, this Court denied motions for class certification in each of these cases. Because this Court denied the motions for class certification, each of the three cases proceeded with respect to the named Plaintiff's individual claims.

The Defendants in each of the three cases later filed motions, asking this Court to dismiss the case as moot because Defendants had made an offer of judgment that provided each of the named Plaintiffs with all the relief that they could potentially obtain if they prevailed at trial. This Court ultimately granted those motions, based upon the Sixth Circuit's position regarding the mootness-by-unaccepted-offer-of-judgment theory.

Shortly thereafter, Plaintiffs filed motions in each case asking the Court to vacate the judgments and reconsider class certification in each case. At a September 17, 2015 hearing on those motions, counsel for the parties agreed that, given that the United States Supreme Court was scheduled to hear a case that would resolve a circuit split on the viability of the mootness-by-unaccepted-offer-of-judgment theory in October of 2015, it would be best for the Court to take the motions under advisement until there was a ruling in that case. This Court agreed to do so.

---

[1] *See Charvet v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010) and *Mims v. Arrow Fin. Srvs., LLC*, 132 S.Ct. 740 (2012).

On January 20, 2016, the Supreme Court issued its decision in *Campbell-Ewald v. Gomez* on January 20, 2016, ruling that an unaccepted offer of judgment *does not* moot a plaintiff's case. *Campbell-Ewald v. Gomez*, 577 U.S. __ (2016). As a result, Plaintiff's motions asking this Court to vacate the judgments issued in these cases and reconsider class certification are now ripe for a decision by this Court.

Defendants in two of the three cases at issue (*APB Associates* and *Machnesney*), however, filed a motion asking this Court to stay this action until the Supreme Court issues a decision in *Spokeo, Inc. v. Robins*, No. 13-1339. In that case, the Supreme Court will be reviewing the Ninth Circuit's standing ruling in a case involving the federal Fair Credit Reporting Act. Defendants' motions ask this Court to exercise its discretion and stay these actions pending a ruling in *Spokeo*. Defendants believe the ruling in that case may have some potential implications in these cases.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs.

Having considered Defendants' Motions to Stay, this Court declines to exercise its authority to stay this action pending a ruling by the Supreme Court in *Spokeo*. This concludes that it is unlikely that the ruling in *Spokeo* will impact these cases. The Court also concludes that the history of these actions and the amount of time that passed since they were filed also militate against the requested stay.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Stay is **DENIED.**

**IT IS SO ORDERED.**

>   S/Sean F. Cox
>   Sean F. Cox
>   United States District Judge

Dated: March 17, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2016, by electronic and/or ordinary mail.

>   S/Jennifer McCoy
>   Case Manager